IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael Martin Sanders, | ) | No. CV 05-0572-PHX-EHC (MEA) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora Schriro, et al., | ) | |
| Respondents. | ) | |

On January 25, 2006, Petitioner proceeding pro se filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Dkt. 5), regarding his criminal convictions in the Superior Court in and for Maricopa County, Arizona. The matter was referred to Magistrate Judge Mark E. Aspey who issued an Amended Report and Recommendation dated November 1, 2007 recommending that the Amended Petition be denied and dismissed with prejudice. After being granted extensions of time, Petitioner filed an Objection (Dkt. 56) to the Report and Recommendation on October 3, 2008.

## Standard of Review

The district court reviews de novo the portions of the Magistrate Judge's Report and Recommendation to which there is a filed objection. 28 U.S.C. § 636(b)(1)(C)("a judge of the court shall make a de novo determination of those portions of the report, ..., to which objection is made."); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.

2003). The district court is not required to review any issue that is not the subject of an objection. Schmidt v. Johnstone, 263 F. Supp. 2d 1219 (D. Ariz. 2003), citing Thomas v. Arn, 474 U.S. 140, 149 (1985).

## Discussion

Petitioner and co-defendants were charged in September 1997 with crimes, including first-degree felony murder, "or, in the alternative" second degree murder, as a result of an incident in which Petitioner and the others entered a Phoenix home allegedly to arrest a California bail absconder, Victor Alcantar. Petitioner and his "team" were dressed in dark battle dress uniforms, body armor, and balaclavas. Petitioner was armed with a .45 caliber handgun and an AR-15 rifle (Dkt. 24 - Answer - Exhibit H [State's appellate brief] at 4-5; Dkt. 56 at 144). Forced entry was made into the residence using a sledgehammer (id.). Petitioner and the others used flex-cuffs to restrain two adult occupants and move them to a central location, made a security sweep of rooms with weapons at the ready, and kicked open locked doors (id.). An exchange of gunfire occurred, and two persons inside the home were killed.

Petitioner was tried separately from his co-defendants in September and October 1998. Petitioner asserted at his criminal trial that he and his co-defendants were legitimate bounty hunters, that is, bail enforcement agents. Petitioner argued at trial that his actions were justified and the victims had been killed in self-defense. The State argued that Petitioner and his co-defendants had used the bail bond as a cover story for an intended burglary (the bail bond on Alcantar had been exonerated) and that their actions constituted first-degree felony murder. Petitioner was found guilty on each of the two first-degree felony murder counts, four counts of aggravated assault, four counts of unlawful imprisonment, and one count of burglary in the first degree. On August 25, 1999, the trial court imposed sentence, including consecutive natural life sentences on each of the first-degree felony murder convictions. Petitioner filed a motion to vacate the Judgment which was denied by the trial court.

Petitioner's appeal of his convictions and sentences was affirmed by the Arizona Court of Appeals. The Arizona Supreme Court summarily denied review. Petitioner's requests for post-conviction review were denied in the state courts.

Petitioner has asserted 26 grounds for relief in the amended habeas petition filed in the federal court.

Petitioner's Objection consists of 284 handwritten pages (Dkt. 56). The Court has reviewed Petitioner's Objection.

Petitioner in five pages of his Objection has included a "Forward" discussion in which he complains that the Magistrate Judge did not issue the Report and Recommendation based upon a review of the entire state court record and that Petitioner has not been afforded an opportunity to prove cause and prejudice. Petitioner argues that the Court may accept Petitioner's statements as true. In nineteen (19) numbered paragraphs at pages 5-22, Petitioner has set forth objections to the factual background discussion and certain standards of review contained in the Report and Recommendation. The Court has considered Petitioner's discussion as clarifying the facts and legal argument.

With respect to the grounds asserted in Petitioner's Objection (Grounds One through Eleven, Thirteen, Fifteen through Twenty-Six), the Arizona Court of Appeals' interpretation of Arizona law regarding the right of a bail surety's agent to arrest a person on a bail bond (holding that Arizona law is clear that a private person such as a bail bond surety or agent is not authorized to break into a third party's house under the circumstances presented) is a conclusion binding on the federal court; the state appellate court's decision was not clearly contrary to federal law; and, Petitioner has not shown that any "surveillance" of his attorney-client communications resulted in the admission of unfavorable evidence at trial or sentencing or provided the prosecution with an unfair advantage. In addition, certain claims were not fairly presented to the state courts in a procedurally correct manner or are procedurally barred and Petitioner has not demonstrated ineffective assistance of trial or

appellate counsel, fundamental unfairness in his criminal trial, or substantial prejudice in violation of constitutional standards.

In Ground Twelve, Petitioner has asserted violation of his right to present a defense based on the trial court's preclusion of expert testimony regarding "fight or flight syndrome." The Arizona Court of Appeals considered the issue on direct appeal and held that as a matter of state law Petitioner's rights were not violated. It was determined not an abuse of discretion to exclude the proffered testimony because the manner in which a person responds to stressful circumstances invoking the fight or flight syndrome is a matter within the common experience of all persons, and that under Arizona law, the use of physical or deadly force in self-defense is governed by a reasonableness standard which was properly left for the jury's consideration. The Magistrate Judge has recommended denial of the claim on the basis that federal habeas relief does not lie for alleged errors of a state court's interpretation of a state rule of evidence.

Petitioner objects to the recommended finding, arguing that he presented the issue as one of constitutional magnitude. The Magistrate Judge did not reject the claim, however, on the ground that it was not properly presented as a constitutional claim. Petitioner also objects that it was necessary for him to defend against the State's charge that he acted recklessly. Therefore, the proposed expert testimony was relevant to assist the jury in understanding the "physiological" and "psychological" state of mind and body that occurs when people are confronted with extraordinary circumstances or lethal threat (that is, "psycho-dynamics" commonly known as "fight or flight syndrome"). Petitioner argues that the proffered testimony would have shown that Petitioner, having been shot multiple times by victim Chris Foote, returned fire at victim Spring Wright as a result of the irrepressible effects of the syndrome, not because of recklessness or criminal mind-set. The "fight or flight" evidence was admitted at Petitioner's sentencing.

The State's case consisted of the testimony of Ronald Timms, Petitioner's associate who participated with Petitioner in entering the residence, that Petitioner intended to

burglarize the residence, and that the bail enforcement venture was a ruse. Petitioner was armed, and an exchange of gunfire developed between him and Foote resulting in the death of victims Foote and Wright. Given the circumstances, exclusion of proffered expert testimony regarding Petitioner's alleged "mind-set" at the time he fired on victim Wright does not amount to error that rendered Petitioner's trial fundamentally unfair.

In Ground Fourteen, Petitioner asserts another claim that his right to present a defense was precluded, contending that it was constitutional error for the trial court to rule inadmissible the grand jury testimony of David Brackney, a participant with Petitioner in the charged activity, under the "unavailable witness" exception. Petitioner sought Brackney's testimony in support of his defense that the activity was a legitimate bail enforcement action. Brackney testified before the grand jury that the activity was an attempt to legitimately execute a bail warrant. Petitioner anticipated that Brackney would invoke the Fifth Amendment privilege if called as a defense witness. Petitioner raised this issue on direct appeal and the Arizona Court of Appeals held that Brackney's grand jury testimony was not admissible because the State had not had an interest in a complete examination of Brackney at the time he testified before the grand jury. It was not until the subsequent appearance of Timms before the grand jury and the change in Timms' testimony that the State had evidence to pursue the case on the basis that the home invasion was a robbery rather than a bail recovery. The Magistrate Judge has recommended a finding that because Brackney's testimony was not Petitioner's only defense, its preclusion did not violate Petitioner's federal right to due process of law.

Petitioner objects that while the Magistrate Judge correctly described Brackney's grand jury testimony, the recommended finding fails to do justice to the exculpatory scope of Brackney's testimony. Brackney's testimony was not limited to the question of Petitioner's intent for making entry but also encompassed Petitioner's defense against the charges of recklessness and contradicted Timms' testimony of Petitioner's other drug robberies. According to Petitioner Brackney testified that he and Petitioner began wearing

1 body armor in response to high-threat groups, that the residence in question was a known
2 drug house, that he told victim Foote to show his hands and drop his gun before opening fire,
3 and that he and Petitioner returned gunfire only after they had been hit by Foote's gunfire.
4 Brackney was tried and convicted following Petitioner's trial and conviction (Dkt. 41 -
5 Amended Report and Recommendation at n.1).

6 The Court notes the recent decision in United States v. McFall, 558 F.3d 951 (9th Cir.
7 2009), in which the exclusion of alleged exculpatory grand jury testimony was held to be
8 prejudicial error on direct appeal. In McFall, the defendant had already been indicted at the
9 time the proposed witness testified before the grand jury but a superseding indictment had
10 not yet been returned. The witness subsequently pleaded guilty to a certain charge but "stuck
11 to" a version of events as testified to before the grand jury in his post-plea debriefing. And,
12 the witness was unavailable to the defendant but not to the government under the terms of
13 his plea agreement. McFall, 558 F.3d at 962-964.

14 The Ninth Circuit's decision in McFall is not binding on the Arizona state courts.
15 Moreover, when David Brackney testified before the grand jury the State had not yet heard
16 Ronald Timms' testimony and was not sure if Timms' testimony would be consistent with
17 his prior statements that the incident involved a "bail pickup" (Dkt. 24 - Answer - Exhibit
18 H [State's appellate brief] at 34]). Petitioner has not shown a violation of his constitutional
19 rights in the exclusion of David Brackney's grand jury testimony at trial.

20 Petitioner's Objection (Dkt. 56) is overruled.

21 On March 16, 2009, Petitioner filed a Motion for Court Order Directing the State's
22 Custodian of Evidence to Preserve Certain Evidence for Discovery (Dkt. 57). On March 24,
23 2009, Respondents filed a Response arguing that the Court should decline to issue a
24 preservation order and stating that the State of Arizona retains all papers, documents, records
25 and evidence admitted in criminal and civil cases and in the possession of law enforcement
26 agencies pursuant to the Arizona Rules of Criminal Procedure and the Rules of the Arizona
27 Supreme Court. Petitioner filed a Reply on April 1, 2009 (Dkt. 59). The Court will deny the
28

1  Motion to Preserve Evidence. Respondents are reminded of their obligation to preserve the
2  records and evidence in this case.
3      Accordingly,
4      **IT IS ORDERED** that Petitioner's Motion for Court Order Directing the State's
5  Custodian of Evidence to Preserve Certain Evidence for Discovery (Dkt. 57) is denied.
6      **IT IS FURTHER ORDERED** that Petitioner's Objection (Dkt. 56) is overruled.
7      **IT IS FURTHER ORDERED** that the Amended Report and Recommendation of the
8  Magistrate Judge (Dkt. 41) is adopted as the Order of the Court.
9      **IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus
10 (Dkt. 5) is denied and dismissed with prejudice.
11     DATED this 31st day of August, 2009.

_____
Earl H. Carroll
United States District Judge